# SUPREME JUDICIAL COURT

#### FOR THE

### COUNTY OF WORCESTER.
### OCTOBER TERM 1844, AT WORCESTER.

PRESENT ·

Hon. LEMUEL SHAW, Chief Justice.
Hon. SAMUEL S. WILDE, ⎫
Hon. CHARLES A. DEWEY, ⎬ Justices.
Hon. SAMUEL HUBBARD, ⎭

---

## John D. Brown & others *vs.* President, Directors, &c. of the Worcester Bank.

A. mortgaged to B. fifty acres of land, and afterwards made an absolute conveyance of ten acres of the same land to C., and C. conveyed the same to D.; but before C.'s deed to D. was recorded, E. attached the ten acres, as the property of C., and afterwards levied thereon, and took an assignment of A.'s mortgage to B.: In making the levy, the full amount due on the mortgage of the fifty acres was deducted from the estimated value of the ten acres. *Held,* that the levy was void; that C. and D. might maintain a bill in equity against E. for redemption of the fifty acres; and that after redemption, they would hold as assignees of the mortgage, until the owners of the forty acres should contribute their proportion of the mortgage debt.

BILL IN EQUITY for redemption of mortgaged real estate. The plaintiffs alleged, in their bill, that on the 4th of October 1839, Sylvanus Holbrook conveyed to the plaintiff Brown, by a deed of mortgage containing covenants of warranty, and recorded on the 2d of April 1840, a parcel of land in Sutton, described as "all that real estate which was conveyed to said Holbrook, by deed of Asa Woodbury and Henry Boyden, dated

January 29th 1838, recorded in the registry of deeds," &c.,
"reference thereto being had, and to the deeds therein men-
tioned, and to the record thereof;" and that said Brown took
possession of said mortgaged premises, for condition broken, on
the 9th of March 1840 : That the above mentioned deed of
January 29th 1838, made to said Holbrook, contained cove-
nants of warranty and against incumbrances, and described the
premises thereby conveyed as "that real estate in Sutton,
whereof one undivided half part was conveyed to the said
Henry " (Boyden) "by the said Asa," (Woodbury,) "by deed
dated July 10th 1833; reference being made to said last men-
tioned deed for a description of said estate:" That said deed
of one undivided half, made by said Woodbury to said Boyden,
was with covenants of warranty and against incumbrances, and
the land therein described consisted of five parcels; one con-
taining about an acre and a half, precisely described by metes
and bounds, with all the water privileges and appurtenances
thereto belonging; another containing one acre, more or less;
a third containing sixty rods, more or less; and two others, con-
taining about seven acres : That said several parcels were the
same which said Holbrook conveyed to said Brown, as afore-
said, and none other : That the said Brown conveyed to the
two other plaintiffs two undivided third parts of said estate, by
deed dated April 2d 1840; whereby the three plaintiffs became
seized thereof in fee, as tenants in common.

The bill further alleged, that said Asa Woodbury, by deed
dated September 10th 1830, conveyed to Mary Chase, in fee
and in mortgage, a parcel of land, with buildings, mills, water
privileges, &c., containing fifty acres, and embracing the prem-
ises conveyed, as aforesaid, by said Holbrook to said Brown, and
forty acres of other land; the conditions of said mortgage
deed being, that said Woodbury should pay to said Mary $1000,
with interest, in one year from the date thereof: That said
Mary assigned said mortgage to the defendants, on the 29th of
January 1842 : That the defendants, on the 14th of May
1841, levied an execution, which they sued out on a judgment
recovered by them against said Holbrook, upon four undivided

fifth parts of that part of the estate conveyed by said Woodbury's mortgage to said Mary Chase, which was conveyed by said Holbrook to said Brown; and that, in making said levy, the officer and appraisers estimated said estate, four fifths of which were levied upon as aforesaid, at $7300, and deducted therefrom the whole amount due on said mortgage, to wit, $1641·17, and also deducted from said estimated value $124·05, " by reason of an incumbrance upon the water privilege ; " leaving the net value of said premises $5534·78.

It was further alleged in the bill, that the defendants claimed to hold said premises by virtue of said mortgage and said levy , that the plaintiffs believed the levy to be inoperative and void, by reason of the aforesaid proceedings of the officer and appraisers, in making said levy : That the plaintiffs, on the 12th of May 1842, demanded of the defendants an account of the sum due by virtue of said deeds and levy ; and that the defendants neglected to render the same.

The plaintiffs therefore prayed for a full answer, a statement of an account, &c. and for a decree that they might redeem, on paying such sum as they ought, &c.

The defendants demurred to so much of the bill as related to the redemption from the levy, because the bill alleged the levy to be void ; the plaintiffs' remedy, in case of a void levy, being at common law. As to the rest of the bill, the defendants filed an answer, admitting the several deeds set forth in the bill ; the assignment to them, by Mary Chase, of the mortgage made to her by Woodbury ; and the demand made on them, by the plaintiffs, for an account. But they denied that they had neglected to render an account, and averred that they did render a just and true account on the 13th of May 1842.

*Newton & Burnside,* for the defendants.

*Washburn,* for the plaintiffs.

WILDE, J. The facts, in the order in which they are stated in the bill, are somewhat complicated ; and one material fact to raise the questions argued appears to have been inadvertently omitted, namely, the time of the *attachment* of the property in question by the defendants ; but we understand it was made

prior to the recording of the mortgage deed from Holbrook to the plaintiff *Brown.* The material conveyances and facts, in the order of time, are these: Both parties derive their titles from Asa Woodbury, who in 1830 conveyed in mortgage, to one Mary Chase, a tract of land containing fifty acres, embracing the lands afterwards, viz. in 1838, conveyed to Sylvanus Holbrook, containing about ten acres, in five parcels, being part and parcel of the said fifty acres; and on the 4th of October 1839, the said Holbrook conveyed the same to the said Brown; but the deed was not recorded until April 1840; before which, as we understand, the premises were attached by the defendants, and afterwards were taken in execution and were set off to them in satisfaction of the same. In 1842, Mary Chase assigned her mortgage to the defendants.

By the levy of the execution, the premises were estimated at the sum of $7300, from which was deducted the sum of $1641·17, the whole amount of the Chase mortgage, and $124 for an incumbrance on the water privilege. The prayer of the bill is, to redeem the mortgage to Mary Chase, and by her assigned to the defendants, on payment of the amount due thereon; and the plaintiffs deny that the defendants have any legal title to the premises, by virtue of the levy of their execution; averring the same to be inoperative and void. And we are of opinion that this objection to the levy is well founded; the whole amount of the Chase mortgage having been deducted: Whereas there should have been deducted only the said Holbrook's proportional part, and this should have been estimated by the appraisers. It was said that this would be difficult or impracticable; but there seems to be no great difficulty, and certainly no impracticability, in ascertaining the relative value of Holbrook's ten acres, and the remaining forty acres belonging to Woodbury or his assigns. And every difficulty might have been avoided by the sale of the equity. The plaintiffs have therefore the right to redeem the Chase mortgage; and they will hold as assignees of that mortgage, until the owners of the forty acres shall contribute their proportion of the sum due on the mortgage.

This case differs from *Jenks* v. *Ward*, 4 Met. 404, in a material circumstance. In that case, Turner, the judgment debtor, was obligated by the condition contained in his title deed to pay the whole mortgage debt deducted by the appraisers in estimating the value of the land thus incumbered. And the case was decided on the ground of the debtor's obligation and liability to pay the whole mortgage debt, and to remove the incumbrance. In the present case no such obligation or liability on the part of Holbrook is pretended, and his proportional part only of the debt due on the Chase mortgage ought to have been deducted. The deduction therefore of the whole mortgage debt was unauthorized, and consequently the levy was void.

*Demurrer overruled.*